# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7614 | **DATE** | 10/30/2001 |
| **CASE TITLE** | ISI INTERNATIONAL, INC. vs. BORDEN LADNER GERVAIS, LLP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion to dismiss on *forum non conveniens* grounds [39-1, 40-1] is granted. This action is dismissed without prejudice. The motions to dismiss for lack of personal jurisdiction, to dismiss and substitute the former partners of Scott & Aylen as defendants [39-1]; for failure to state a claim [40-1], and ISI's motions to strike and Scott & Aylen's motions [46-1, 50-1] are denied as moot. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

*Signed: Suzanne B. Conlon*

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 0 6 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 10/30/2001 | |
| SB | courtroom deputy's initials | 01 NOV -5 PM 5:42 | date mailed notice |
| | | | CB |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISI INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 98 C 7614 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| BORDEN LADNER GERVAIS, LLP | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
**NOV 0 6 2001**

## MEMORANDUM OPINION AND ORDER

ISI International, Inc. ("ISI") sues Borden Ladner Gervais, LLP ("Borden Ladner") for violations of the Lanham Act, 15 U.S.C. §1051 *et seq.* (Count I), common law unfair competition (Count II), tortious interference with contractual relations (Count III), and professional malpractice and breach of fiduciary duty (Count IV). Borden Ladner moves to dismiss the complaint under the doctrine of *forum non conveniens*, lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Borden Ladner seeks dismissal as a defendant and substitution of the former partners of Scott & Aylen (collectively "Scott & Aylen") under Fed. R. Civ. P. 21 and 25(c). In anticipation of substitution, Scott & Aylen moves to dismiss the complaint on similar grounds. ISI responds to those motions, and alternatively moves to strike the motions on various procedural grounds under Fed. R. Civ. P. 12(f). Despite the excessive motion practice, resolution of all pending motions turns on whether this court is the proper forum under the doctrine of *forum non conveniens*. Accordingly, that issue is addressed first.

1



## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996). ISI is an Illinois corporation with its principal place of business in Riverwoods, Illinois. Amended Complaint ("Compl.") at ¶ 1. Scott & Aylen was an Ontario partnership and law firm. *Id.* at ¶ 2. In June 1999, Scott & Aylen merged with another Ontario law firm, Borden & Elliot, to form Borden Elliot Scott & Aylen. In March 2000, Borden Elliot Scott & Aylen merged with several partnerships to form Borden Ladner.[1] *Id.* at ¶¶ 3-6.

Dr. Bert Reitsma, a physician living in Ontario, invented the CombiVac, a device for draining surgical wounds. *Id.* at ¶ 19. Reitsma contacted Yves Menard, a solicitor at Scott & Aylen, to incorporate a firm to exploit the invention. Reitsma also engaged Max Wood, a Scott & Aylen patent agent, to obtain patents for the invention. In turn, Wood hired a Michigan law firm to prosecute a patent application in the United States. In 1995, Reitsma licensed the worldwide rights to make and sell the invention to ISI Surgical Instruments Canada, Ltd. ("ISI Canada"), an Ontario corporation. Reitsma was the sole shareholder of ISI Canada, and served as its officer and director. *Id.* at ¶ 12. The license contained an Ontario choice of law and forum clause. However, the license did not transfer ownership of the pending patent applications. In 1996, ISI acquired ISI Canada. *Id.* at ¶ 13. ISI Canada's rights under the license agreement were assigned to ISI.

---

[1] Both Borden Ladner and the partners of Scott & Aylen move to dismiss on *forum non conveniens* grounds. The Seventh Circuit installed Borden Ladner as a "placeholder" until the proper defendant could be identified. A determination of the proper defendant is unnecessary. *See infra* at 10-11. Thus, the court refers to Borden Ladner and Scott & Aylen interchangeably.

Shortly thereafter, Reitsma attempted to end the license. On behalf of Reitsma, Menard sent letters to ISI's worldwide customers informing them ISI rights in the invention were terminated. *Id.* at ¶¶ 44-46. To avoid liability, Wood advised ISI's customers it should cease using the product. *Id.* at ¶ 47. The letters claimed Reitsma held a patent on the device. However, ISI alleges Reitsma never held a patent for CombiVac. Indeed, ISI claims all patents were owned by ISI Canada. Reitsma entered into an agreement with Jokari/US, Inc. ("Jokari") and ISI Canada under which ISI Canada became the exclusive owner of CombiVac patents. *Id.* at ¶¶ 22-23, 35.

As a direct consequence of Scott & Aylen's letters, ISI alleges numerous customers terminated negotiations with ISI for manufacturing and distributing CombiVac. *Id.* at ¶¶ 61-64. Specifically, ISI identifies Medimade B.V. in The Netherlands and American Pharmaceutical Partners in California. *Id.* Meanwhile, Reitsma resigned from ISI. *Id.* at ¶ 34. Pursuant to the Jokari/Reitsma agreement, Reitsma was purportedly required to assign his rights in a pending U.S. patent application for CombiVac to ISI. When Reitsma refused, ISI's counsel requested Scott & Aylen transfer all CombiVac files to ISI's headquarters. *Id.* at ¶ 38. Scott & Aylen denied ISI's request. *Id.* at ¶ 39.

## PROCEDURAL HISTORY

On November 25, 1998, ISI filed this suit against Scott & Aylen. This court dismissed the action for lack of personal jurisdiction and on *forum non conveniens* grounds. The Seventh Circuit vacated the dismissal order. The Court invoked Fed. R. Civ. P. 4(k)(2) *sua sponte* and held Scott & Aylen was subject to personal jurisdiction. *ISI Int'l. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001). However, the Court remanded for further analysis on whether this action should be dismissed on *forum non conveniens* grounds. The Court substituted Borden Ladner for Scott &

3

Aylen because Scott & Aylen ceased to exist after the merger. The Court installed Borden Ladner as a "placeholder" until this court determined the proper party. On September 4, 2001, ISI filed its first amended complaint identifying Borden Ladner as the sole defendant in this action.

In a related dispute, ISI was sued by Medimade B.V., a Dutch medical supply distributor, for defaulting on a note. *Medimade B.V. v. ISI International, Inc.*, No. 97 C 3827 (N.D. Ill. 1997) (Leinenweber, J.). In turn, ISI filed a third-party complaint against Reitsma seeking damages and a declaration that its license was valid. Reitsma never appeared or answered the complaint. The court entered a default judgment against Reitsma. Declaratory judgment was entered for ISI, as well as an award of $290 million in damages.

## DISCUSSION

### I. *Forum Non Conveniens*

The Seventh Circuit remanded for further analysis on whether this action should be dismissed under the doctrine of *forum non conveniens*. The court may dismiss a case on *forum non conveniens* grounds when it "best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Company, Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). An adequate alternative forum must be available. *Id.* In addition, the court must balance the private interests of the litigants and the public interests of the forum to determine the superior venue. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). The court has substantial flexibility in considering the relative importance of these factors. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1245 (7th Cir. 1990). Dismissal is proper if the balance of conveniences suggests the chosen forum would be unnecessarily burdensome for the defendant or the court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). The *forum non conveniens* determination is left to the "trial court's sound discretion." *Kamel*, 108 F.3d at 802.

4

A.  **Adequacy of Alternative Forum**

Borden Ladner contends Ontario is the superior forum for this case. An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction. *Kamel*, 108 F.3d at 803. In addition, an adequate forum mandates the parties will not be deprived of all remedies or treated unfairly. *Id.* Borden Ladner contends Ontario is an adequate forum because it recognizes the torts of intentional interference with contractual relations, breach of fiduciary duty, malicious falsehood, and professional negligence. Mot. Dismiss, Ex. 3 at ¶ 4. While ISI does not contest that assertion, ISI claims it will be prejudiced in an Ontario court because it cannot introduce non-party deposition testimony at trial. Ontario Rule of Civil Procedure 36.1 permits parties to introduce deposition testimony with leave of court or consent of the opposing party. *Id.* at ¶ 6-7. In response, Borden Ladner consents to the introduction of any relevant deposition testimony. *Id.* Thus, ISI's concern is moot. Similarly, Borden Ladner agrees to waive any statute of limitations defenses in an Ontario court. *See Interpane Coatings, Inc. v. Australia and New Zealand Banking Group*, 732 F. Supp. 909, 918 (N.D. Ill. 1990) (recognizing waiver of statute of limitations defense in *forum non conveniens* dismissal). Jurisdiction and service of process are not at issue. Scott & Aylen and ISI are presently engaged in litigation on related matters in an Ontario court. Mot. Dismiss, Ex. 3 at ¶ 4; *Mora v. McDonald's Corp.*, No. 96 C 5957, 1997 WL 102546 (N.D. Ill. Mar. 6, 1997) (current litigation in foreign venue between the parties satisfies *forum non conveniens* determination). Finally, this court has previously deemed Ontario an adequate alternative forum. *See Berndorf Belt Sys. v. Asocona Food Group Ltd.*, No. 98 C 1055, 1998 WL 851496 (N.D. Ill. Dec. 3, 1998). Consequently, Ontario is an adequate alternative forum for this action.

### B. Public Interest Factors

In balancing the public interest factors, a court should consider: (1) its own docket congestion; (2) local interest in resolving the controversy; and (3) the preference for a forum applying familiar law. *Piper*, 454 U.S. at 241 n.6. Ontario law predominates in this case. It is undisputed ISI's malpractice and contractual claims are governed by Ontario law. ISI's allegations of interference with contract revolve around the license agreement. That license agreement covers "any surgical would drainage system that is within the scope of an existing claim" in the original patent application and "all divisions and reissues thereof." *Id.* at ¶ 1. The agreement expressly selects Ontario law as the governing law. Mot. Dismiss, Ex. 3 at ¶ 12.5. In addition, the nature and scope of Scott & Aylen's alleged malpractice is governed by the code of professional conduct of the Law Society of Upper Canada. Mot. Dismiss, Ex. 4 at ¶¶ 13-16. ISI responds by arguing that application of Ontario law is not complicated. The unsupported assertion is unavailing. To ensure a correct application of Ontario law, this court should not "delve into the tenets of an unfamiliar legal system." *Kamel*, 108 F.3d at 805.

While the Seventh Circuit indicated the Lanham Act claim "seems at home in a U.S. court," the need to apply unfamiliar foreign law outweighs the court's interest in one claim. *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 431 (9th Cir. 1977) (Lanham Act claims subject to *forum non conveniens* dismissal). The costs involved in hiring experts on Ontario law would be substantial. This court would need to expend considerable resources analyzing applicable Ontario contract and professional malpractice law. *See Kamel*, 108 F.3d at 802. In contrast, an Ontario court – indisputably an expert in Ontario law – would not face a comparable burden. On familiar ground, an Ontario court could bring this case to a speedier resolution. Indeed, Ontario courts

presently move cases through their docket at a statistically faster rate. *See* Judicial Caseload Profile, Report to the Administrative Office of the U.S. Courts (2000) (average time from docketing to trial in the Northern District of Illinois: 27 months); Mot. Dismiss, Ex. 3 at ¶ 5 (average time from docketing to trial in Ontario: 21 months).

Ontario has a superior interest in this dispute. The crux of this case involves the conduct of an Ontario law firm and its partners. Ontario has a strong interest in regulating and disciplining purported misconduct committed by Ontario attorneys. In addition, the license dispute is a localized controversy. The forum selection clause in the license agreement points to Ontario as the chosen forum. Mot. Dismiss, Ex. 3-3 at ¶ 12.5. The agreement was signed in Ontario between Ontario residents – ISI Canada and Reitsma. The transaction was facilitated by an Ontario law firm. In support of ISI's position, the Seventh Circuit noted the Jokari/Reitsma agreement had a Texas choice of law clause. *ISI Int'l*, 356 F.3d at 553. However, a plain reading of the Jokari/Reitsma agreement does not disclose any choice of law clause. *See* Compl., Ex. D; Mot. Dismiss, Ex. 3. Nor does ISI advance that assertion before this court.

Futhermore, Canada has a greater interest in "policing the fraudulent activities of its own corporations[.]" *Pyrenee*, 984 F. Supp. at 1167. Scott & Aylen purportedly revoked licenses on patents its client did not possess. Although "[c]itizens or residents deserve more deference than foreign plaintiffs," *Piper*, 454 U.S. at 256, the Seventh Circuit recently instructed "given the ever-expanding realm of international commerce, many courts have discounted a plaintiff's United States citizenship when that plaintiff is an American corporation with extensive foreign business[.]" *Kamel*, 108 F.3d at 804. Significantly, ISI purportedly engaged a Canadian law firm to secure patents and licenses for its business transactions worldwide. *See Hull 753 Corp v. Elle Flugzeugwerke.*, 58

7

F.Supp.2d 925, 929 (N.D. Ill. 1999) (applying the *Kamel* rationale to an Illinois corporation). Indeed, ISI's rights in the patent were originally assigned to an Ontario firm – ISI Canada – and then reassigned to ISI in Illinois. *See Pain v. United Tech. Corp.*, 637 F.2d 775, 797 (D.C. Cir. 1980) (deference to an assignees' forum choice diminished). Under these facts, Canada's concrete interests in the dispute outweigh any deference to ISI's choice of forum as the plaintiff. Consequently, the public interest factors favor resolution of this case in Ontario.

C.  **Private Interest Factors**

Private interests include ease of access to proof; availability of compulsory process for unwilling witnesses; costs involved in compelling witnesses at trial; and other practical problems. *Gulf Oil*, 350 U.S. at 508. This court's inability to compel live testimony of key witnesses favors a finding of *forum non conveniens*. Reitsma and Wood are non-party Ontario residents who are beyond this court's power of compulsory process. *Pyrenee*, 984 F. Supp. at 1165. Reitsma is accused of engineering the scheme to defraud ISI's customers. In fraud cases, "live testimony is of utmost importance." *Pyrenee*, 984 F. Supp. at 1166. The factfinder should have the benefit of assessing the demeanor of witnesses at trial. *Europe & Overseas Commodity Traders S.A. v. Banque Paribas London*, 940 F. Supp. 528, 538 (S.D.N.Y. 1996); *Fustok v. Banque Populaire Suisse*, 546 F. Supp. 506, 511 (S.D.N.Y. 1982). In addition, the parties dispute whether Scott & Aylen represented Reitsma individually or ISI. Reitsma's testimony about his transactions with Scott & Aylen is critical to that determination. Wood's testimony about his representation of Reitsma or ISI is important to establish the breach of fiduciary duty claim. Significantly, Reitsma has already demonstrated his unwillingness to appear in Illinois. ISI instituted an action in this court against Reitsma. Reitsma did not answer the complaint or appear, but rather defaulted a $290 million claim.

ISI advances nothing to suggest Reitsma would now appear.

As the plaintiff, ISI has an interest in cross-examining Reitsma before the factfinder. Nevertheless, ISI contends several of its witnesses would be unavailable in Canada, prejudicing the presentation of its case. ISI identifies American Pharmaceutical Partners (California) and Medimade B.V. (Netherlands). This court cannot compel out-of-state non-party witnesses to testify in Illinois. *See* Fed. R. Civ. P. 45(b)(2), 45(c)(3); *American General Assurance Co. v. Terry Miller Pontiac-GMC Truck, Inc.*, No. 98 C 7887, 1999 WL 436573, at *2 (N.D. Ill. June 22, 1999). Thus, ISI's concern is immaterial.

Relying on ISI's previous lawsuit in this court, the Seventh Circuit hypothecated Illinois could be an adequate forum. *ISI Int'l.*, 256 F.3d at 553. However, the earlier lawsuit resulted in a default judgment. Default judgments are disfavored mechanisms for adjudicating cases. *Bieganek v. Taylor*, 801 F.2d 879, 881 (7th Cir. 1986). Indisputably, Reitsma's appearance in that action would have been preferable. Similarly, the strong likelihood Reistma would fail to appear again favors resolution of this dispute in an Ontario court that could compel his appearance. Nor did the court in the previous lawsuit have the benefit of a *forum non conveniens* analysis because Reitsma never defended the action. *Piper*, 454 U.S. at 254 n.22 (defendant bears the burden of establishing *forum non conveniens*).

Finally, Borden Ladner faces the loss of its insurance coverage if this case proceeds in the United States. Borden Ladner's insurance coverage applies to actions filed in Canada only. Substantial prejudice to Borden Ladner adds additional weight to the conclusion that Ontario is the more appropriate forum for this dispute.

## II. Motions to Dismiss and Strike

Borden Ladner and Scott & Aylen move to dismiss the action for lack of personal jurisdiction and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(2); 12(b)(6). Because dismissal is warranted under *forum non conveniens*, the motions to dismiss are moot. Borden Ladner moves to substitute the former partners of Scott & Aylen as the proper defendants. Borden Ladner's liability for Scott & Aylen's conduct should be determined by an Ontario court. The transfer agreement between Borden Ladner and Scott & Aylen is governed by Ontario law. Mot. Dismiss, Ex. 4 at ¶ 3.7. An amendment to that agreement purportedly absolves Borden Ladner of liability for the instant dispute. *Id.* Whether that amendment is valid or exempts Borden Ladner from liability under Ontario contract law are properly questions for an Ontario court. Indeed, the parties' dispute over the proper defendant under Ontario law reinforces the conclusion that Ontario is the superior forum for this action. Accordingly, the motion to dismiss Borden Ladner and substitute the partners of Scott & Aylen as defendants is moot. Finally, ISI brings a host of motions to strike Borden Ladner and Scott & Aylen's submissions. For similar reasons, these motions are moot.

## CONCLUSION

The motion to dismiss on *forum non conveniens* grounds is granted. The motions to dismiss for lack of personal jurisdiction and failure to state a claim; to dismiss and substitute the former partners of Scott & Aylen as defendants; and ISI's motions to strike Borden Ladner and Scott & Aylen's motions are denied as moot.

October 30, 2001

ENTER:

Suzanne B. Conlon
United States District Judge