# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7614 | **DATE** | 2/14/2002 |
| **CASE TITLE** | ISI INTERNATIONAL vs. BORDEN LADNER GERVAIS, LLP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Borden Ladner's motion to dismiss and substitute defendants [76-1] is granted in part and denied in part. Borden Ladner's motion to substitute defendants is denied without prejudice. Pursuant to Fed. R. Civ. P. 25(c), Borden Ladner Gervais and Borden Elliot Scott & Aylen are joined as defendants in this action. Borden Ladner's motion to dismiss under *forum non coveniens* is granted. Borden Ladner's motion to dismiss for lack of personal jurisdiction is moot.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 1 5 2002 date docketed | 85 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 2/14/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISI INTERNATIONAL | ) ) | |
| Plaintiff, | ) ) | No. 98 C 7614 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| BORDEN LADNER GERVAIS, LLP | ) ) ) | |
| Defendant. | ) ) | |

DOCKETED FEB 15 2002

## **MEMORANDUM OPINION AND ORDER**

ISI International, Inc. ("ISI") sued Scott & Aylen for violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Count I), common law unfair competition (Count II), tortious interference with contractual relations (Count III), and professional malpractice and breach of fiduciary duty (Count IV). On March 3, 1999, this court dismissed the action for lack of personal jurisdiction and *forum non conveniens*. The Seventh Circuit vacated that order and remanded for additional findings on the *forum non conveniens* issue. The Seventh Circuit instructed this court to determine the proper defendant, and installed Borden Ladner Gervais, LLP ("Borden Ladner") as a "placeholder" defendant. Shortly thereafter, ISI amended its complaint and sued Borden Ladner only. Consequently, this court concluded a determination of the proper defendant was unnecessary. This court dismissed the action on *forum non conveniens* grounds. *ISI Int'l v. Borden Ladner Gervais LLP*, No. 98 C 7614, 2001 WL 1382572 (N.D. Ill. Oct. 30, 2001). The Seventh Circuit vacated that order, and directed this court to first determine whether Scott & Aylen's former partners or Borden Ladner are the proper defendants in this action. ISI was granted limited discovery on this issue.

1



Borden Ladner now moves to dismiss and substitute Scott & Aylen's former partners as defendants.

**DISCUSSION**

Fed. R. Civ. P. 25(c) provides that in the event of a transfer of interest, the court may direct the transferee to be substituted in the action or joined with the original party. A transfer of interest includes a corporate acquisition where the original party no longer exists and a new entity has unreservedly assumed its rights and obligations. *Moore's Federal Practice 3d*, § 25.30. "Rule 25 does not substantively determine what actions survive the transfer of interest; rather, it provides substitution procedures for an action that does survive." *ELCA Enters. Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1985). Substitution of parties under Rule 25(c) is in the court's discretion. *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.3d 738, 742 (7th Cir. 1985); *Chicago Dist. Council of Carpenters Pens. Fd. v. Artistry Woodworking, Inc.*, No. 92 C 2069, 1997 WL 12794, at *2 (N.D. Ill. Jan. 10, 1997).

The Seventh Circuit directed this court to determine whether Borden Ladner assumed Scott & Aylen's liabilities. Rule 25(c) provides the procedural mechanism for substitution; Ontario law controls whether Borden Ladner assumed Scott & Aylen's liabilities. *See* Advisory Comm. Notes (1961) to Fed. R. Civ. P. 25 (stating that Rule 25 is "merely a procedural device . . . and does not affect any substantive issues which may be involved in the action"); *see also Panther Pumps & Equip. Co., Inc. v. Hydrocraft, Inc.*, 566 F.2d 8, 24 (7th Cir. 1977); 28 U.S.C. § 2072 (the Rules Enabling Act); Wright, Miller & Kane, *Federal Practice and Procedure 2d*, § 1958, p. 554.

This case involves two Ontario law firms - Borden Ladner and Scott & Aylen. Scott & Aylen changed its name on June 15, 1999 to Borden Elliot Scott & Aylen ("Borden Elliot"). Mot. Dismiss, Ex. 4, Weir Decl. at ¶ 4. Borden Elliot now exists as a separate legal entity in Ontario, registered

2

as a general partnership under Canadian law. Mot. Dismiss, Ex. 5, Keith Decl. at ¶¶ 6-7. On February 29, 2000, Borden Elliot and Borden Ladner executed a transfer agreement whereby Borden Elliot entered into partnership with Borden Ladner. The transfer agreement provides that Borden Ladner will assume all Borden Elliot liabilities listed in a February 29, 2000 audited financial statement. The audited financial statement identifies the ISI litigation as one of several liabilities. Further, the transfer agreement contains an express choice of law provision identifying Ontario law as the governing law. Mot. Dismiss, Ex. 4., art. 3.7. On March 1, 2000, Borden Ladner and Borden Elliot executed a letter agreement that states Borden Ladner is not liable for legal claims arising before March 1, 2000. Borden Ladner relies on this letter agreement to substitute Scott & Aylen's former partners or Borden Elliot as defendants.

The validity and enforceability of the March 1, 2000 letter agreement involves complex questions of Ontario contract, partnership, and successor liability law. Borden Ladner contends a February 29, 2000 oral agreement between the two firms constitutes a collateral oral agreement that established a condition precedent to the transfer agreement. *See* Mot. Dismiss, Ex. A, Weir Decl. at ¶ 9; Reply Br., Ex. 1, Baker Decl. at ¶¶ 6-7. Borden Ladner further contends Ontario law allows the enforcement of a condition precedent oral agreement in the absence of an "integrated writing" provision in the contract. Reply Br., Ex. 1, Baker Decl. at ¶ 7. Because the transfer agreement does not contain an integrated writing clause, Borden Ladner argues the March 1, 2000 letter agreement is a valid memorialization of the February 29, 2000 oral agreement. ISI fails to submit its own declarations of Ontario legal experts to refute Borden Ladner's assertions. However, Borden Ladner did not address the legal effect of the March 1, 2000 letter agreement until its reply brief, when it submitted the declaration of Ontario lawyer G. Blaine Baker. *See* Reply Br., Ex. 1, Baker Decl. at

3

¶¶ 6-7. Previously, Borden Ladner rested on the plain language of the letter agreement to substitute Borden Elliot in this action. In addition, Borden Elliot's liability for ISI's claims is governed by Ontario partnership law. Borden Ladner submits the declaration of Ontario lawyer Brian C. Keith, who contends under Ontario's Partnership Act § 10(1), "every partner in a firm is liable jointly with the other partners for all debts and obligations of the firm incurred while the person is a partner." Mot. Dismiss, Ex. 5, Keith Dec. at ¶ 8. The Partnership Act § 18(2) further provides: "A person who retires from a firm does not thereby cease to be liable for partnership debts or obligations incurred before the partner's retirement." *Id.* at ¶¶ 8-9. Under Ontario law, Borden Ladner argues it cannot be liable for debts created before the Borden Ladner-Borden Elliot partnership was formed.

ISI fails to address Ontario partnership law. Instead, ISI adopts a different analysis by contending Borden Ladner is the successor in interest to Borden Elliot. While courts have applied successor liability law to determine the proper defendant under Fed. R. Civ. P. 25(c), successor liability is a matter of state substantive law. In this case, successor liability is a question of Ontario law. *See e.g. LiButti v. United States*, 178 F.3d 114, (2d Cir. 1999) (under New Jersey law, transferee is liable where it agrees to assume transferor's debts); *see also Herra v. Singh*, 118 F.Supp.2d 1120 (E.D. Wa. 2000); *Moore's Federal Practice 3d*, § 25.30(3). Neither party addresses Ontario's successor liability law.

Under Rule 25(c), the court has discretion to add Borden Elliot as a defendant but retain Borden Ladner as a party. *See Moore's Federal Practice 3d*, § 25.30(4); Wright, Miller & Kane, *Federal Practice and Procedure 2d*, § 1958, p. 555. In *Minnesota Mining & Mfg. Co. v. Eco-Chem, Inc.*, 757 F.2d 1256, 1259 (Fed. Cir. 1985), the court permitted joinder of a new defendant, "not to determine its own liability, but merely because it succeeded to the assets from which [defendant]

4

may satisfy its judgment." *Minnesota Mining* did not determine the defendant's ultimate liability for the action, but permitted joinder to facilitate litigation and convenience. Similarly, in *Federal Deposit Insurance Corp. v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y. 1981), the court held joinder of a trustee was preferable to substitution because participation of both defendants was the most efficient method to insure all issues would be fully litigated. Moreover, in *Otis Clapp & Son*, 754 F.3d at 742, the Seventh Circuit affirmed the trial court's denial of joinder under Rule 25(c) where the defendant may have transferred its interest to another party. The Court noted plaintiff could renew its substitution motion in proceedings to enforce judgment, and chose not to disturb the trial court's exercise of discretion. *Otis Clapp & Son*, 754 F.2d at 742-43.

*Minnesota Mining*, *Tisch*, and *Otis Clapp* are instructive. At present, the most efficient resolution of the dispute over the proper defendant is the joinder of Borden Ladner and Borden Elliot as defendants. This court previously determined ISI's action must be dismissed under *forum non conveniens*. *ISI Int'l*, 2001 WL 1382572, at *5. Consistent with that result, the court hesitates to delve into complex issues of Ontario contract, partnership, and successor liability law that are more appropriately resolved by an Ontario court. Further, this court declines to make findings of fact and conclusions of law on Borden Ladner's liability under Ontario law that could later bind an Ontario court under principles of comity or *res judicata*. *See e.g. Allendale Mutual Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 435, 433 (7th Cir. 1993); *Praxair, Inc. v. Slifka*, No. 98 C 7270, 1999 WL 498604, at *8 (N.D. Ill. July 7, 1999). Indeed, Borden Ladner's purported assumption of liability for Borden Elliot's actions involves a determination of an ultimate issue in this case. Faced with a sparse record consisting of several declarations from Ontario lawyers and no authority from ISI, the court cannot make an informed decision on complex issues of Ontario law. *See Centillon Data Sys., Inc. v.*

5

*American Mgmt. Sys. Inc.*, 200 F.R.D. 618, 619 (S.D. Ind. 2001) (denying substitution motion where movant failed to properly demonstrate a transfer in interest occurred). And to further develop the record through an evidentiary hearing would result in a trial on the merits. *See Alfadda v. Fenn*, No. 89 C 6217, 1993 WL 526065, at *3 (S.D.N.Y. Dec. 16, 1993) (declining to hold an evidentiary hearing on a Rule 25(c) motion because it would "foreshadow the actual trial" on liability; permitting joinder of parties instead); *accord Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993) (factual disputes in a Rule 25(c) substitution motion cannot be determined by weighing affidavits; courts should utilize a Rule 56 summary judgment standard). Because Ontario is the appropriate forum for this action, an evidentiary hearing by an Illinois court applying Ontario law would not be a sound exercise of judicial discretion.

Significantly, a determination on Borden Ladner's liability for the ISI litigation is unnecessary to identify the proper defendants under Fed. R. Civ. P. 25(c). "Joinder or substitution under Rule 25(c) is entirely a matter of convenience, and regardless of whether either is ordered, the respective substantive rights of the transferor or transferee are not affected." *Alfadda*, 1993 WL 526065, at *4 (quoting *Moore's Federal Practice 2d* § 25.08). Indeed, the court may join a defendant because it owns the assets that could be used to satisfy judgement. *Minnesota Mining*, 757 F.2d at 1263 (joining defendant that did not exist when the alleged conduct took place). Under the transfer agreement, Borden Ladner owns Borden Elliot's current "assets, interests, property, and undertakings." Mot. Dismiss, Ex. 4, Weir Decl. at ¶¶ 4-5; *see also Wainwright v. Kraftco Corp.*, 58 F.R.D. 9, 13 (N.D. Ga. 1973) (permitting joinder under Rule 25(c) where new defendant could be liable because it purchased assets of current defendant). Thus, joinder of Borden Ladner and Borden Elliot would facilitate resolution of this action. *See also Television Reception Corp. v. Dunbar*, 426

F.2d 174 (6th Cir. 1970); *Select Creations, Inc. v. Paliafito America, Inc.*, 852 F. Supp. 740, 768 n. 40 (E.D. Wis. 1994).

As a matter of law, the court cannot conclude Borden Ladner absolved itself of liability for the ISI litigation under Ontario law. Borden Elliot and Borden Ladner exist as separate partnerships under Canadian law. Borden Ladner and Borden Elliot are engaged in their own partnership arrangement pursuant to the February 29, 2000 transfer agreement. Borden Elliot is comprised of Scott & Aylen's former partners. *See* Resp. Br., Ex. C (listing Borden Elliot and Borden Ladner partners); Ex. D, Partnership Agmt., at art. 4.3. And Borden Ladner's partners are identical to Borden Elliot partners. For present purposes, Borden Ladner and Borden Elliot must be joined as the proper defendants in this action. In the alternative, Borden Ladner moves to dismiss on *forum non conveniens* grounds. In remanding the action to this court, the Seventh Circuit did not address the court's order dismissing this action under *forum non conveniens*. The present dispute over the proper defendant reinforces the conclusion that ISI's action belongs in Ontario, not Illinois. The court dismisses this action under *forum non coveniens* for the reasons set forth in the October 30, 2001 memorandum opinion and order.[1]

---

[1] Borden Ladner's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) is moot.

## CONCLUSION

Borden Ladner's motion to substitute defendants is denied. Pursuant to Fed. R. Civ. P. 25(c), Borden Ladner and Borden Elliot are joined as the proper defendants in this action. Borden Ladner's motion to dismiss under *forum non conveniens* is granted for the reasons set forth in the October 30, 2001 memorandum opinion and order.

February 14, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge